CASE 33.—PROCEEDINGS BY J. E. BLADES AND OTHERS TO
ENJOIN THE CITY OF FALMOUTH FROM COL-
LECTING THE TAXES FOR 1905.—January 11.

# Blades v. City of Falmouth

Appeal from Pendleton Circuit Court.

LEWIS P. FRYER, Circuit Judge.

Injunction refused and plaintiff appeals.    Affirmed.

1. Municipal Corporations—Taxes—Time for Making Levy.—
Section 3644, Ky. Stats., 1903, governing fifth-class cities, pro-
vides that the council shall provide a system for the assess-
ment, levy, and collection of city taxes, which shall conform
as nearly as the circumstances permit to the laws in reference
to the assessment, levy, and collection of State and county
taxes, "except as to times for such assessment, levy and
collection." Section 3645 provides that the list as corrected
by the board of equalization "shall be the assessment roll
for said tax for said year." Held, that a council of a city
of the fifth class was authorized to make the levy for the
collection of taxes for a year on the assessment made that
year, and was not compelled to make the levy the year
previous in accordance with the method used by counties.
2. Same—Taxation System.—Section 3644, Ky. Stats., 1903,
governing fifth-class cities, provides that the council shall
provide by ordinance a system for the assessment, levy, and
collection of all city taxes, not inconsistent with the provisions
of that chapter. Held, that a failure of a council to provide
such a system would only invalidate acts in the assessment,
levy, and collection of taxes, not authorized by the statute
governing fifth-class cities.
3. Same—Appointment of Assessor.—Where an assessor is
appointed by the council of a fifth-class city in 1904, it is
not necessary to reappoint him in 1905 in order to make his
assessment for that year valid, as section 3619, Ky. Stats.,
1903, governing fifth-class cities, provides for the appoint-
ment of an assessor for the term of two years.
4. Same—Appointment of Clerk as Assessor.—Section 3744, Ky.

Stats., 1903, governing fifth-class cities, provides that the acceptance by one in office of another office incompatible with the one he holds shall vacate the first office. Section 3746 provides that no person shall at the same time fill two municipal offices. Held that, if the offices of clerk and assessor are incompatible, the appointment of the clerk to the office of assessor vacates the office of clerk, but does not invalidate the acts of the assessor.

5. Same—Oath before Assessment—De Facto Officer.—Where a city assessor omits to take the statutory oath before making an assessment, his acts are those of a de facto officer and binding on the city and taxpayers, particularly where his assessment is revised and approved by the board of equalization, the members of which were sworn.

APPLEGATE & CLARK for appellants.

We base our claim upon the following propositions, to-wit:

1. Cities of the fiifth class are required by their charter to levy taxes for any year upon the assessment made as of September 1st of the year previous; and, therefore, appellant's property assessed for the first time in 1905, and not liable to assessment, prior thereto, can not be subjected to levy for 1905 taxes.

2. The assessment of September, 1905, is illegal because,

(a) It was not made by the proper officer.

(b) And because the city of Falmouth had failed to provide by ordinance a system for the assessment, levy and collection of taxes, as is required by its charter, section 3644 Kentucky Statutes.

### AUTHORITIES CITED.

Kentucky Statutes, sections 3621, 3644, 3645, 3655; Constitution of Kentucky, sections 165, 228; Muir's Adm'r v. City of Bardstown, 27 Ky. Law Rep., 1150; Town of Springfield v. Peoples Deposit Bank, 111 Ky., 105; Cooley on Taxation, pages 352-354; City of Latonia v. Meyer, 27 Ky. Law Rep., 746.

JOHN H. BARKER, attorney for appellee.

### POINTS AND AUTHORITIES.

1. "All real and personal property within the city, and all personal estate, except such tangible personal property as has an actual bona fide situs without the city, of persons domiciled or actually residing in the city on the 15th day of September

in the year in which the assessment shall be made  .  .  .
shall be subject to assessment and taxation for all local and
municipal purposes, etc." (Ky. Stats., section 3654.)'

2.   Under the provisions of charters of cities of the fifth class,
no time is fixed when the city levy shall be made. The time
of the levy is therefore left entirely to the discretion of the
city council. It may be made in the same year in which the
assessment is made, or it may be made later, but the "correct
assessment" must be the assessment roll for said tax for said
year. That is to say the tax levy for the year 1905 must have
been made upon the 1905 assessment though the levy may, in
fact, not have been made until in the year 1906.

3.   The Board of Equalization "shall have the power to hear
complaints and to correct, modify or strike out any assessments
made by the assessor. (Section 3645.) By this provision appel-
lants are given a complete remedy.

4.   Neither the office of city clerk or city assessor is an elective
office. Each is appointive and neither is referred to in or recog-
nized by the State Constitution. The city clerk or the city
assessor, under the provisions of section 3619 may, though
appointed for a term of years, be removed at the pleasure of the
city council.

5.   If we grant that there is an inconsistency in the acceptance
of the office of assessor by the city clerk it does not affect the
office of assessor, but it does vacate the office of clerk.

### AUTHORITIES CITED.

Kentucky Statutes, sections 3654, 3645, 3655, 3629, 3619, 3746,
3744; 96 Kentucky, 627; A. & E. Ency., vol. 5, page 96; 3 Bush,
page 90.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Prior to April 16, 1905, the appellant resided near
to and owned property adjoining the city of Falmouth
(a city of the fifth class). On the date mentioned the
circuit court of that county made an order, in an ac-
tion brought for that purpose, extending the limits of
the city that included the property of the appellants,
within the limits of the city. Immediately after the
15th of September of that year the property of the
city including the appellants, was assessed or listed

for taxation by the city assessor. The city council appointed a Board of Equalization, who met on the first Monday in December, and revised and corrected the list, and made it the assessment roll for taxes for that year; which tax list was placed in the hands of the city marshal for collection as provided in section 3629, Ky. Stat., 1903.

The appellants instituted this action against the city and the Marshal, and sought to enjoin the collection of the taxes upon the ground that the assessment of the property for that year, 1905, was void. First for the reason that their property was assessed by the city clerk; in other words, the person who assessed the property was the city clerk, and the law prohibits one person from holding two municipal offices at one and the same time, and that his act in assessing the property, for that reason, was void. Second, that the assessor was not sworn before making the assessment. Third, that the city council had no right or authority to make the tax levy in December, 1905, for that year; that the only effect of such levy was for the collection of taxes for the succeeding year; that the levy for the collection of 1905 should have been made after the assessment of 1904, which could not have imposed a burden upon their property, for the reason that it did not become a part of the city until the month of April thereafter.

It appears that the council did not make the levy after the assessment of 1904, and no levy was made until December 11, 1905. An ordinance making the levy was passed as follows, to-wit:

"The city council of the city of Falmouth, Ky., do ordain as follows:

"1. That there be levied a tax of fifty cents on each one hundred dolars worth of taxable property in the city of Falmouth, Ky., for the year 1905, for the pur-

Blades v. City of Falmouth.

pose of paying the expense and indebtedness of said
city.

"2. That a tax be levied of ten cents on each one
hundred dolars worth of taxable property in the city
of Falmouth, Ky., for the year 1905, to create a sink-
ing fund for the purpose of paying water works im-
provement bonds and interest on same as they fall
due.

"3. That said taxes be paid to Ezra Loomis, Mar-
shal, on or before December 26, 1905; after said date
a penalty of six per cent will be added and collected
on all unpaid taxes.

"This ordinance to be in force and effect from and
after its passage and publication."

The determination of this question must be con-
trolled by the statutes governing fifth-class cities.
Section 3654, Ky. St. 1903, as far as material, we
quote: "All real and personal estate within the city
*   *   *   on the 15th day of September in the year in
which the assessment shall be made   *   *   *   shall
be assessed at its fair cash value," etc.   Section 3645,
Ky. St. 1903, defining the duties and powers of the
Board of Equalization, and the list to be made by the
board, reads as follows: "The corrected list for taxes
shall be the assessment roll for said tax for said
year."   It shall be certified by the clerk, who shall
act as clerk of the board of equalization, as being
the assessment roll for said tax, and shall be the
assessment roll upon which said tax is to be levied
in said year."   The language of this statute appears
to authorize the council to levy the tax for the year
in which the assessment is made.

The counsel for appellant refers to the method used
by the counties and state in the levying of taxes; that
is, in levying in one year for the collection of taxes
in the succeeding year; but this is governed by other

provisions of the statutes. In our opinion the section last referred to, and the preceding section (3644), expressly authorizes the council to make the levy for the collection of taxes for the year 1905, upon the assessment made that year. It is provided by the last section cited that: "The city council shall have power, and it shall be its duty, to provide by ordinance a system for the assessment, levy and collection of all city taxes, which system shall conform as nearly as the circumstances of the case may permit, to the provision of the laws of this State in reference to the assessment, levy and collection of State and county taxes, except as to times for such assessment, levy and collection, and except as to the officers by whom such duty shall be performed." It will be observed that this section requires cities of the fifth class in reference to the assessment, levy. and collection of State and county taxes, to be governed by State laws, except as to the time for such assessments, and the time for the levy and the time for the collection. Therefore, the council was not required to make the levy in 1904, for the taxes for the year 1905. As stated, the time for making the levy was left to the discretion of the city council. The appellant contends that the city council of Falmouth had failed to provide by ordinance a system for the assessment, levy, and collection of city taxes; and for that reason it was without authority to make the levy. It is true that by this statute it was the duty of the city council to so provide; and if it had undertaken to perform any act in the assessment, levy, and collection of taxes not authorized by the statute with reference to fifth class cities, then its acts would have been erroneous.

The statute says that in providing a system for the purpose mentioned, it shall not be inconsistent with

the provisions of that chapter; clearly meaning that the provisions of the statute with reference to the assessment, levy, and collection of taxes could not be changed in any particular by the system provided by ordinance by the city council. As we construe the statute, all the acts of the city and its officials with reference to the assessment, levy, and collection of the taxes conform to the provisions prescribed in the chapter referred to. The assessor who assessed the property of the city the year 1905, was appointed by the council in the year 1904; it was not necessary for the city council to reappoint him in 1905. Section 3619, Ky. St. 1903, provides that the assessor shall be appointed for a term of two years by the city council; but the appellant contends that he was the clerk at the time of his appointment. It is provided by section 3746 that no person shall at the same time fill two municipal offices, either in the same or different municipalities. By section 3744 it is provided that the acceptance by one in office of another office or employment incompatible with the one he holds shall operate to vacate the first. Conceding that the position of clerk and assessor are incompatible, the acceptance of the position of assessor only had the effect to vacate or deprive him of the first office, the clerkship. Conceding that the assessor omitted to take the statutory oath before he made the assessment, it did not have the effect to make the assessment void, especially when the Board of Equalization, who were sworn, revised, corrected, and approved the assessment. If the assessor was not sworn, his acts in making the assessment had all the force and effect of a de facto officer, and were binding upon the city and the tax-payers thereof.

For these reasons, the judgment of the lower court is affirmed.